UNITED STATES, Appellee

v

JOSEPH H. YEARTY, Private, U. S. Marine Corps, Appellant

8 USCMA 191, 23 CMR 415

No. 10,051

Decided July 26, 1957

*Major R. D. Humphreys* was on the brief for Appellant, Accused.

*Major Verne L. Oliver* was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At his trial by special court-martial for larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, the accused objected to the admission in evidence of his pretrial confession on the ground that it was obtained by coercion and threats. After testimony on the issue was taken, his objection was overruled. However, the court members were not instructed that they could consider the question of the voluntariness of the confession in their deliberations on the findings.

On review, a divided board of review concluded it was error to fail to instruct on the issue of voluntariness, but that the error was not prejudicial because the other evidence of guilt was compelling. In view of our decision in United States v Williams, 7 USCMA 434, 22 CMR 224, the latter part of the board

of review's holding is erroneous. Accordingly, the decision of the board of review is reversed, and the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

The facts pertaining to the offenses in this case are not in dispute as the accused testified merely that he had no recollection of the bizarre events of the evening. Conceding he asserted some form of amnesia, his claim is without support, and the operative facts concerning the commission of the offense are these: On the night in question, the accused entered the squad bays where the victims were sleeping. He was discovered with his hand under the

**191**

pillow of one of the sleeping occupants and, when literally caught in the act of stealing, he talked his way out of that embarrassing situation, but only temporarily, for immediately thereafter he was seen in the darkened barracks examining the contents of a wallet. When he realized he was observed, he jumped into an unoccupied bunk and made frantic efforts to dispose of the money by the process of mastication. While one of the partially chewed up bills was being inspected, it was seized by the accused and swallowed. Other currency and the billfold of one of the victims were recovered from the bunk in which the accused had taken refuge. With a number of eye witnesses to these facts, I can well understand why the accused bared his breast to the investigating officers and why his efforts to establish an involuntary confession were abortive.

I agree that, even though they were afforded an opportunity of voting on the involuntariness of the confession, the members of the court should have been instructed that they could consider that factor again in reaching their findings and that that omission was error. However, I am unable to conclude that the error was prejudicial, for, like the majority of the board of review, I believe the evidence outlined above aliunde the confession would compel any reasonable man to return a finding of guilt. I would, therefore, hold the error harmless, and I do not read our decision in United States v Williams, 7 USCMA 434, 22 CMR 224, cited by my associates, as requiring a contrary result.

Accordingly, I would affirm the decision of the board of review.