UNITED STATES, Appellee

v

JOE L. WILLIAMS, Airman Recruit, U. S. Navy, Appellant

8 USCMA 443, 24 CMR 253

No. 9849

Decided November 22, 1957

*Major R. D. Humphreys*, USMC, was on the brief for Appellant, Accused.
*Commander Guilbert W. Martin*, USN, *Major Charles R. Larouche*, USMC, and *Ensign Charles A. Docter*, USNR, were on the brief for Appellee, United States.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

We granted review in this special court-martial case on the following issue:

"Whether testimony concerning the alleged surrender of the knife by the accused was admissible."

After it had presented some evidence regarding an alleged assault committed by the accused by drawing a knife and holding it in a threatening manner, the prosecution called the unit's legal officer as a witness. He testified that on the morning after the incident he interviewed the accused. In the course of the interview the accused admitted that he had the knife in his locker. The legal officer told the accused he "would like to have the knife" and he would "like for him [the accused] to go to his locker . . . and get it." The accused left. Shortly afterward, he returned with the knife. At no time did the legal officer "specifically mention Article 31 or give him [the accused] a formal warning." He merely advised the accused that "you do not have to do this." Later that morning, the accused was questioned by the investigating officer. Article 31 was read to him, and he indicated that he understood it. The accused admitted to the investigating officer that he had drawn a knife and had "dared" the alleged victim to hit him.

A defense objection to the admission of the knife in evidence was sustained. However, no specific objection was made by defense counsel, and no instruction was given by the president, regarding the testimony of the legal officer. This testimony was patently obtained in violation of Article 31, Uniform Code of Military Justice, 10 USC § 831, and was therefore inadmissible. United States v Taylor, 5 USCMA 178, 17 CMR 178. Whether under other circumstances the failure to object would constitute a waiver need not detain us. Cf. United States v Fisher, 4 USCMA 152, 15 CMR 152. We are not disposed to apply the doctrine of waiver in a special court-martial case in which the appointed defense counsel was not a lawyer in the sense of Article 27, Uniform Code of Military Justice, 10 USC § 827. United States v Williams, 7 USCMA 434, 438, 22 CMR 224. It was, therefore, error not to strike the legal officer's testimony and instruct the Court members to disregard it.

In United States v Wilson, 2 USCMA 248, 8 CMR 48, we reviewed the Congressional background of Article 31. We pointed out that the Article occupies so important a position in the administration of military justice that we would not sanction any "departure from the clear mandate" of its provisions.

444

Id. at 255. Over the years, we have consistently reiterated this principle; we have refused to uphold a conviction based upon evidence obtained and admitted in violation of the Article; and we have consistently declined to weigh the other evidence of guilt for the purpose of affirming a conviction. United States v Holmes, 6 USCMA 151, 19 CMR 277; United States v Taylor, supra; United States v Hernandez, 4 USCMA 465, 16 CMR 39; see also United States v Yearty, 8 USCMA 191, 23 CMR 415. Time and experience have served to emphasize the fundamental correctness of our position.

The decision of the board of review is reversed. The findings of guilty of Charge II and its specification are set aside and the charge is ordered dismissed.[1] The record of trial is returned to The Judge Advocate General for submission to the board of review for reassessment of the sentence on the basis of the remaining findings of guilty.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

In this special court-martial case, trial counsel was seeking to lay a foundation for introducing the knife into evidence. In seeking to establish the chain of custody, the inadmissible testimony was elicited. The knife was not admitted so the legal officer's statement that the accused admitted he had a knife was the only evidence which was erroneously placed before the court-martial, and that error was rendered harmless by the subsequent pretrial confession of the accused in which he went far beyond the mere admission of the possession of a dangerous weapon.

Some time after the aforementioned colloquy, the accused was interrogated by an investigating officer—not the legal officer. He was fully advised of his rights under Article 31, he averred he understood them, and he does not

now contend he was not informed fully and adequately. Notwithstanding the warning, he voluntarily admitted drawing, opening, and brandishing the knife before the victim. The voluntariness or illegality of the confession is not asserted as there is not one iota of evidence from which it can be gleaned that the confession to the investigating officer was involuntary or that it was the product of the prior statements made to the legal officer. In United States v Dutcher, 7 USCMA 439, 22 CMR 229, and United States v Green, 7 USCMA 539, 23 CMR 3, we considered the possibility of prior searches, or statements not legalized by compliance with Article 31 of the Code inducing a subsequent confession. Here the accused did not make an issue of unlawful inducement of the subsequent confession, and in the former case, the Chief Judge, in his opinion concurred in by Judge Ferguson, used the following language:

". . . The accused himself did not testify as to the reasons which induced him to confess. Referring to a like failure to testify, Judge Brosman, writing for a unanimous Court in United States v Howell, 5 USCMA 664, 667, 18 CMR 288, said: 'Certainly the accused—who must have known better than others—did not suggest that he was induced to speak because of anything said by Fincher. He said nothing at all on the subject—nor did any other witness.' "

Not only did the accused fail to speak in this instance, but, as previously mentioned, there is no evidence or contention that the confession was involuntary or in any way induced by the prior disclosure. I, therefore, find no reason to disregard his own version of the incident.

In addition to the confession of the accused, there is conclusive competent evidence that the accused possessed a knife at the time in question. The victim testified fully about the assault with the knife, and his testimony was

---

[1] Normally, in similar situations, we have permitted a rehearing of the charge. The accused here, however, has already been separated from the service. We believe, therefore, that it is more appropriate to dispose of the charge in the way that we have.

corroborated by a disinterested third party. Their testimony was clear, positive, and consistent, and it was in no way weakened by any rebutting testimony. With that mass of uncontested facts, I am convinced that the erroneous reception of the admission that the accused had a knife in his locker was so insignificant that it had absolutely no impact on the minds of the court-martial members and that, when it is disregarded, no reasonable person could consider the remaining testimony and honestly return any finding other than guilty.

I would affirm the decision of the board of review.