UNITED STATES, Appellee

v

OLLIE BLACKWELL, Staff Sergeant, U. S. Air Force, Appellant

10 USCMA 550, 28 CMR 116

No. 12,935

Decided July 24, 1959

Lieutenant Colonel James L. Kilgore and Lieutenant Colonel Robert O. Rollman were on the brief for Appellant, Accused.

Lieutenant Colonel Robert W. Michels, Lieutenant Colonel Francis R. Coogan, and Major Lawrence J. Gross were on the brief for Appellee, United States.

GEORGE W. LATIMER, Judge:

A general court-martial convicted accused for carnal knowledge of his stepdaughter, a violation of Article 120, Uniform Code of Military Justice, 10 USC § 920, and sentenced him to a bad-conduct discharge, total forfeitures, and confinement at hard labor for one year. The findings and sentence were approved by the convening authority, and the board of review affirmed. Thereafter, we granted review on an issue concerning the propriety of the law officer's instructions.

The limited issue before us in the case at bar involves the same instruction with which we were concerned in United States v Simpson, 10 USCMA 543, 28 CMR 109; United States v Smith, 10 USCMA 549, 28 CMR 115; United States v Davault, 10 USCMA 551, 28 CMR 117; United States v Tisdall, 10 USCMA 553, 28 CMR 119; and United States v Shomler, 10 USCMA 555, 28 CMR 121, all decided this date. Taking the law officer's instructions as a whole, there can be no doubt that the court members were correctly charged as to the test they were to utilize in reaching their findings. Moreover, without detailing the evidence supporting accused's conviction for this sordid crime, it is sufficient to characterize the prosecution's case as uncontroverted and compelling. Accordingly, for the reasons set forth in the above-cited cases, we conclude that the questioned instruction could have no measurable impact on the findings. The accused, therefore, was not prejudiced.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent for the reasons set forth in my separate opinion in United States v Simpson, 10 USCMA 543, 28 CMR 109, decided this date.