UNITED STATES, Appellee

v

DEAN W. DAVAULT, Technical Sergeant,
U. S. Air Force, Appellant

10 USCMA 551, 28 CMR 117

No. 12,945

Decided July 24, 1959

*Lieutenant Colonel James L. Kilgore* and *Captain Norman K. Hogue* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels, Lieutenant Colonel Francis R. Coogan,* and *Major Timothy G. O'Shea* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused stands convicted of desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, and sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for two years. We granted his petition for review on a single issue relating to the propriety of the law officer's instructions.

In his charge to the members of the court-martial, the law officer included the instruction which we considered in United States v Simpson, 10 USCMA 543, 28 CMR 109; United States v Smith, 10 USCMA 549, 28 CMR 115; United States v Blackwell, 10 USCMA 550, 28 CMR 116; United States v Tisdall, 10 USCMA 553, 28 CMR 119; and United States v Shomler, 10 USCMA 555, 28 CMR 121, all decided this date. As we there indicated, the law officer erred in so instructing. The prosecution's evidence, ·however, was uncontroverted and, taking the instructions by their four corners, we are sure that no reasonable person could be misled and that the court members were provided with a correct measuring rod in assessing the evidence. Accordingly, for the reasons set forth in the above-cited cases, we conclude there is no fair risk that accused was harmed by the error.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent for the reasons set forth in my separate opinions in United States v Simpson, 10 USCMA 543, 28 CMR 109, and United States v Tisdall, 10 USCMA 553, 28 CMR 119.

The accused was charged with, and found guilty of, desertion with intent to remain absent permanently, in violation of Uniform Code of Military Justice, Article 85, 10 USC § 885. The evidence in the case establishes only that the accused absented himself without leave on July 3, 1956, from Mountain Home Air Force Base, Idaho, and remained so absent until he was apprehended by an agent of the Federal Bureau of Investigation at Springfield, Illinois, on December 5, 1958.

Undoubtedly, the foregoing circumstances are sufficient to permit the members of a court-martial to infer the existence of an intent to remain absent permanently on the part of the accused. However, it cannot be said that they compel such a conclusion. For this reason and those stated in my separate opinion in United States v Simpson, supra, I am of the view that the instruction on the effect of *prima facie* evidence prejudiced the accused's substantial rights and entitles him to a rehearing.

I would reverse the decision of the board of review and return the record of trial for direction of a rehearing on the desertion charge.