UNITED STATES, Appellee

v

GERALD A. TISDALL, Technical Sergeant,
U. S. Air Force, Appellant

10 USCMA 553, 28 CMR 119

No. 12,946

Decided July 24, 1959

*Lieutenant Colonel James L. Kilgore* and *Major Dwight R. Rowland* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels, Lieutenant Colonel Francis R. Coogan,* and *Major Timothy G. O'Shea* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

We granted review of this case on a single instructional issue. Accused predicates his appeal from his conviction for desertion, a violation of Article 85, Uniform Code of Military Justice, 10 USC § 885, on the same instruction we considered in United States v Simpson, 10 USCMA 543, 28 CMR 109; United States v Smith, 10 USCMA 549, 28 CMR 115; United States v Blackwell, 10 USCMA 550, 28 CMR 116; United States v Davault, 10 USCMA 551, 28 CMR 117; and United States v Shomler, 10 USCMA 555, 28 CMR 121. As we pointed out in those cases, decided this day, the law officer should not have given the questioned charge to the court. However, pretermitting the discussion of the compelling evidence rule, for the reasons set forth in those cases, we hold that accused was not prejudiced. The law officer repeatedly and correctly charged the members of the court on the rule of reasonable doubt, and the presumption of innocence and burden of proof. When the law officer's instructions are considered in their entirety, there is no fair risk that the court-martial labored under a misapprehension that the burden of proof had been shifted. Clearly, the court-martial was provided the correct yardstick for use in its deliberations.

The decision of the board of review is, therefore, affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

In addition to the other reasons set forth in my dissenting opinion in Unit-

**553**

ed States v Simpson, 10 USCMA 543, 28 CMR 109, decided this date, the evidence of the accused's guilt in this case is not compelling.

Charged with desertion with intent to remain absent permanently, in violation of Uniform Code of Military Justice, Article 85, 10 USC § 885, the accused pleaded guilty to absence without leave in violation of Code, supra, Article 86, 10 USC § 886, and was found guilty as charged.

The evidence for the Government established that the accused, a noncommissioned officer with a previously unblemished record, absented himself without leave for a period of eight and one-half months. He was apprehended in Atwood, Kansas, by an agent of the Federal Bureau of Investigation and local police officers. During his absence, he held various civilian jobs under an assumed name. However, upon being taken into custody, he readily admitted his identity.

The accused testified in his own behalf and stated that family difficulties, culminating in the departure of his wife, caused him persistently to over-indulge in intoxicating beverages. In March 1958, he was hospitalized for alcoholism. Upon his return to duty, he was warned that his continued drinking would eventually lead to disciplinary action. On March 20, 1958, he departed from his base with authority and visited Cheyenne, Wyoming. Engaging in another drinking bout, he awakened on March 21, 1958, to find himself absent without leave. Fearing the consequences of his misconduct and desiring to overcome his addiction to intoxicants, he continued his unauthorized absence and wandered from town to town in the Midwest, seeking employment. He finally secured various positions in Atwood, Kansas, and remained there until he was apprehended. The accused left behind him at his station approximately seven hundred dollars' worth of personal property and made no attempt to secure it during his absence. He freely admitted destroying his identification card in an alcoholic haze at some time during the period of his alleged desertion.

The law officer instructed the court, among other things, on the elements of the lesser included offense of absence without leave.

In United States v Hendon, 7 USCMA 429, 22 CMR 219, the accused was shown to have absented himself without authority for a period of sixteen weeks; to have been apprehended; and to have returned from another unauthorized absence just eight days prior to the dereliction charged. While we found the evidence sufficient to sustain accused's conviction of desertion, we pointed out that it permitted reasonable men to differ concerning the required intent and that we therefore could not say the proof was compelling. In United States v Swain, 8 USCMA 387, 24 CMR 197, the accused's twelve-year absence was terminated by apprehension. During his absence, the accused used his real name, wore his Army uniform, retained his medical identification, and several times stated that he intended to return to the Army. We again held that reasonable men could differ concerning whether he intended to desert and reversed his conviction because of the law officer's failure to instruct on the elements of the lesser included offense of absence without leave. Finally, in United States v Peterson, 1 USCMA 317, 3 CMR 51, and United States v Ferretti, 1 USCMA 323, 3 CMR 57, we pointed out that accused's denial of intent to remain absent permanently, if not inherently improbable, was entitled to some weight in considering the sufficiency of the evidence to sustain the findings of guilty.

Viewed in the light of the foregoing precedents, I agree that the evidence may be sufficient to form a proper predicate for the court's findings in this case, but that is not to say it is compelling. The latter term implies that which is irresistible or that which obliges or necessitates. 8 Words and Phrases (Perm ed) 277; Olson v Ross, 82 NYS2d 49, 51. In short, when we conclude that evidence of guilt is compelling, we mean that the court members, consonant with the obligation of their oath, could not have arrived at any finding other than guilty.

The accused's relation of the circum-

stances which led him to continue his unauthorized absence is neither improbable nor inherently incredible. Considered in the light of United States v Swain, supra, the period of his absence is relatively short. His declarations concerning his family difficulties are uncontroverted, and, at the trial, the Government appears to have conceded the existence of his alcoholic tendencies. These factors could cause reasonable men to differ on the question whether he, at any time, entertained the intent to remain absent permanently or whether, as is true in so many cases, he delayed his return because he feared the consequences of his admitted misconduct. That there was some doubt in the law officer's mind concerning the issue is indicated by that functionary's instructions on the lesser included offense of absence without leave. In the same manner, I conclude that the court members could have properly rejected the adverse inferences to be drawn from the evidence in the case.

Accordingly, there is a fair risk that the law officer's erroneous instruction had a measurable impact in the court's deliberations and was, therefore, in my opinion, prejudicial to the accused's substantial rights.

My brothers seek to avoid the effect of the relative paucity of proof in the record by indicating their belief that the questioned instructional error was not prejudicial, "pretermitting the discussion of the compelling evidence rule." If that is so, I am unable to understand the reason for inclusion in United States v Simpson, supra, of reference to the doctrine and the fact that the evidence in that case met its stringent standard. Citation of such an alternative ground for affirmance, if it may yet be so characterized, offers little guidance to those charged with the administration of military justice, and contributes heavily to the belief, widespread in the services, that sufficiently strong proof of guilt cures any error which may occur in the proceedings. I suspect, however, that my brothers' reservation in this case concerning the application of the mentioned rule is occasioned by their study of the record and independent conclusion that the proof is insufficient to meet its requirements.

I would reverse the decision of the board of review. However, in light of the accused's plea of guilty to absence without leave, I would return the record of trial with directions to affirm so much of the findings of guilty as relate to that lesser offense and to reassess the sentence or to order a rehearing on the desertion charge.