UNITED STATES, Appellee

v

AUSTIN R. DRAPER, JR., Airman First Class, U. S. Air Force, Appellant

11 USCMA 72, 28 CMR 296

*Lieutenant Colonel James L. Kilgore* and *Captain Norman K. Hogue* were on the brief for Appellant, Accused.

*Colonel John F. Hannigan, Lieutenant Colonel Francis R. Coogan, Lieutenant Colonel Robert W. Michels,* and *Major Fred C. Vowell* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Review was granted on two issues. One has since been settled adversely to the accused by United States v Simpson, 10 USCMA 543, 28 CMR 109. The remaining question relates to the effect of the following statement in the post-trial review:

" . . . The accused always has the right to remain silent and no inference of guilt shall be taken as a result thereof. Nevertheless, when the evidence contains no explanation with respect to incriminating facts and circumstances tending to connect the accused with the crime, the court may be justified in drawing any reasonable inference of guilt from the evidence."

The accused was convicted of six charges of larceny arising out of his activities as assistant manager of the Orly Air Base Theater, Paris, France. The accused had over-all charge of the operation of the theater, including deposit of cash receipts, responsibility for tickets, and general supervision of other employees. His prescribed duties required the preparation of a Weekly Theater Operation Report for the signature of the theater officer and the preparation in sextuplicate of bank deposit slips for cash receipts and the actual deposit of the receipts. Examination of the theater reports and supporting deposit slips showed deposits in amounts larger than were reflected on the bank records. The accused was charged with six acts of stealing the difference between the amount indicated on his records and the amount shown on the bank records. Evidence was admitted to show that five deposit slips, forwarded with the weekly report of operations, were altered by the addition of certain words and figures. As regards some of the slips, a handwriting expert testified that all writing on them was by "one and the same person." In the sixth instance, there was no record of a deposit in the bank but the theater record indicated such a deposit. None of the other employees of the theater had access to the safe or made deposits of cash receipts.

For the most part, the defense consisted of testimony intended to suggest that other persons may have altered the reports and deposit slips. It was also shown that the accused was absent with authority from his duties during certain periods of time. Finally, testimony was adduced to the effect that the accused's character was good. The accused himself did not testify.

In the post-trial review, the staff judge advocate set out the evidence in great detail. He pointed out that there was no direct proof of the accused's alleged conversion of the cash receipts, but he concluded there was substantial evidence "to eliminate every reasonable hypothesis but that of the guilt of the accused." Part of his discussion of the circumstantial evidence includes the challenged statement.

Appellate defense counsel contend that the questioned statement may be an appropriate standard for appellate review, but it is wholly improper for the convening authority, who must be convinced of the accused's guilt beyond a reasonable doubt. Cf. United States

v Hurt, 9 USCMA 735, 757, 27 CMR 3. They argue that the statement suggests an inference of guilt may be drawn from the accused's silence and that it shifts the burden of proof to the accused and requires him to establish his innocence. We have read the review with care and we cannot read into it the implications advanced by appellate defense counsel. True, the word "nevertheless" seems to import a qualification to the preceding sentence defining the accused's right to remain silent. However, the import of the whole statement is clearly to the effect that proof of guilt must be found in the evidence and in the reasonable inferences it provides, rather than in the accused's silence. The arrangement of the two sentences may not be particularly appropriate, but the context, especially in connection with the rest of the discussion, is legally sound. In our opinion, there is no fair risk that the quoted part of the review misled the convening authority as to the standard of proof he must use in reviewing the record of trial. United States v Parker, 8 USCMA 704, 25 CMR 208; cf. United States v Johnson, 8 USCMA 173, 23 CMR 397.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

Judge FERGUSON concurs in the results.