UNITED STATES, Appellee

v

JOSEPH A. NORWOOD, Airman Recruit,
U. S. Navy, Appellant

16 USCMA 310, 36 CMR 466

No. 19,311

August 12, 1966

*Lieutenant Commander George E. Goodwin,* USN, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Paul Gardner, Jr.,* USNR.

*Commander Walter F. Brown,* USN, argued the cause for Appellee, United States. With him on the brief was *Colonel J. E. Hanthorn,* USMC.

## Opinion of the Court

QUINN, Chief Judge:

Before a special court-martial convened aboard the U.S.S. ESSEX, the accused pleaded guilty to a number of offenses in violation of the Uniform Code of Military Justice. His appeal challenges the validity of the sentence, which extends to a bad-conduct discharge and confinement at hard labor for four months.

At trial, defense counsel submitted a written request for instructions as to the sentence. The president of the court-martial directed that the writing be appended as an appellate exhibit, but it nowhere appears in the record and has not otherwise been accounted for. See Manual for Courts-Martial, United States, 1951, paragraphs 73c(2), 82b (5), and 83a. The Government contends the proposed instructions were, in fact, included in the president's instructions to the court members. Some suggestions to that effect may be gleaned from the transcript. Thus, several words of the proposed instructions were read by defense counsel before he was interrupted by trial counsel; these words are identical to those in the first part of the first sentence in the president's instructions. Also, at the end of all the instructions, defense counsel indicated he had no objection "to the instructions just given." However, defense counsel was not qualified in the sense of Article 27 of the Uniform Code, supra, 10 USC § 827, and we are not convinced, by either the Government's argument or our reading of the record, that these indications

310

support the conclusion that the instructions given incorporated all the defense proposals. See United States v Williams, 8 USCMA 443, 24 CMR 253. Since the president had ordered that the writing be attached as an appellate exhibit, defense counsel might merely have assumed that any differences between the instructions he requested and those given by the president would be part of the record subject to the scrutiny of appellate reviewing authorities. See Manual for Courts-Martial, supra, paragraph 82i.

. It further appears that after the president of the court-martial had announced the sentence, something happened which led the court-martial to return a second sentence. The gap in the trial transcript is bridged by a note in the convening authority's action. In it, he notes that after the "court closed," trial counsel "informed" the president the sentence was improper; as a result, the court reopened and the president announced the second sentence. Neither the record of trial nor the convening authority's action indicates that defense counsel was aware of the discussion, or was accorded the opportunity to object or to present additional instructions. Without a clear showing to that effect, the procedure was patently erroneous. See United States v Linder, 6 USCMA 669, 20 CMR 385; United States v Turner, 9 USCMA 124, 25 CMR 386.

We entertain no doubt that the defects in the proceedings were entirely inadvertent. We also do not doubt they resulted from an honest intention to do the "right" thing. Good intentions, however, are not enough; and a negligent failure to adhere to correct practice may be so detrimental to an accused as to require reversal of an otherwise valid conviction. United States v Smith, 8 USCMA 582, 25 CMR 86. The defects in this record leave us uncertain as to what occurred; and they are too serious and in too sensitive an area to be disregarded as harmless. See United States v Vaughan, 3 USCMA 121, 11 CMR 121.

The decision of the board of review as to the sentence is reversed. A rehearing thereon may be had.

Judges FERGUSON and KILDAY concur.