UNITED STATES, Appellee

v

MICHAEL J. BACA, Private, United States
Marine Corps Reserve, Appellant

16 USCMA 311, 36 CMR 467

No. 19,314

August 12, 1966

 

*Captain L. G. Bohlen,* USMC, argued the cause for Appellant, Accused.
*Lieutenant Jean E. Van Slate,* USN, argued the cause for Appellee,
United States.

### Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused was found guilty of absence without leave, leaving his post without being properly relieved, and larceny, in violation of Uniform Code of Military Justice, Articles 86, 113, and 121, 10 USC §§ 886, 913, and 921, respectively. He was sentenced to bad-conduct discharge, forfeiture of $55.00 per month for six months, and confinement at hard labor for six months. The convening authority disapproved the forfeitures but otherwise approved the sentence. The supervisory authority set aside the findings of guilty of unauthorized absence and, reassessing the penalty, reduced the period of confinement to four months. The board of review set aside the bad-conduct discharge, but otherwise affirmed. We granted accused's petition for review on the issue:

"THE ACCUSED WAS PREJUDICED BY THE PRESIDENT'S INSPECTION OF THE CIS REPORT CONTAINING AN ENTRY THAT HE CONFESSED, WHICH REPORT WAS INCOMPETENT HEARSAY."

The matter in question arose in the following manner. Defense counsel objected to the hearing of a witness' testimony on the grounds of relevance. At the suggestion of the prosecution, an "out-of-court hearing" was held by the president with counsel and the accused. The president ruled that the witness, who allegedly would testify to other, uncharged misconduct by the accused, would not be heard. Court was reconvened. Trial counsel then offered the testimony of a Corporal Hernandez, a military police investigator. On objection, another "out-of-court hearing" was held by the president. In it, counsel revealed that Hernandez would testify accused made a statement in which he admitted picking up wallets and clothing in another barracks on the same night, in order to safeguard them. To assist the president in ruling on the admissibility of Hernandez' testimony regarding the statement, the prosecution proffered a military police report to him. The president ruled that Hernandez' testimony would be heard and, as a reason, declared:

"What I'm more impressed by is the statement made by the accused to the CIS to the fact that he did commit the offense on the same night. Please have Captain CAULEY and Lieutenant CONRAD step back in."

Corporal Hernandez testified in open court concerning a statement by the accused. It was exculpatory, and accused expressly denied his guilt of the charged larceny. Nowhere in the transcript is there any proof that accused admitted "to the CIS . . . that he did commit the offense on the same night." The report which the president examined was not made a part of the record and is, thus, not before us.

At the outset, we pause to note that out-of-court hearings are not authorized in special courts-martial. The president of a special court-martial "will rule in open court upon all interlocutory questions other than challenges arising during the trial." Manual for Courts-Martial, United States, 1951, paragraph 57c. Only the law officer of a general court-martial is authorized to hold out-of-court hearings. Manual, supra, paragraph 57g(2); Appendix 8, page 518. Except with respect to instructional matters, the president's rulings on interlocutory questions are made subject to objection by any member of the court. Code, supra, Article 51, 10 USC § 851; United States v Bridges, 12 USCMA 96, 30 CMR 96. These procedural rules have the force and effect of statutes. United States v Smith, 13 USCMA 105, 32 CMR 105. If they are not followed, it is obvious that the president's ruling, made subject to objection by other members, cannot be intelligently considered by them, as, unlike him, they have not had the advantage of the out-of-court consultation with counsel. In any event, such rules constitute the law. United States v Smith, supra. They are to be followed regardless of how much surface appeal a contrary course may appear to have. In this connection, we invite attention to our comments in United States v Cruz, 10 USCMA 458, 28 CMR 24, regarding other procedural innovations. As we stated in United States v Lucas, 1 USCMA 19, 1 CMR 19, at page 26:

". . . The fewer the errors of law the fewer the complaints about injustices."

Turning to the precise issue before us, we are certain that the presentation of a hearsay, ex parte police report to the president of the court-martial, in which it was alleged that accused had confessed his guilt, was prejudicially erroneous. It cannot be gainsaid that the report visibly impressed that officer, for he expressly noted the fact in making his ruling. Yet, no evidence of such a confession was ever tendered. Indeed, the police report itself was not made a part of the record. And the only statement which was properly introduced was one of an exculpatory nature, in which accused denied his guilt.

We cannot pass by such an erroneous matter or speculate, as does the Government, concerning its real nature or origin. An accused's confession is of the highest order of proof. United States v Monge, 1 USCMA 95, 2 CMR 1. In order to have it considered as evidence, its voluntariness must be established by the Government beyond a reasonable doubt, United States v Monge, supra; United States v Odenweller, 13 USCMA 71, 32 CMR 71.

In United States v Smith, 15 USCMA 416, 35 CMR 388, we reversed on the basis that the Government introduced in evidence accused's statement without the necessary preliminary proof of its authenticity and voluntariness. We find no significant difference between the situation there presented and the offering of a police report's conclusory statement to the same effect to the president of the court. Indeed, the latter situation is worse, for the statement that accused has conceded guilt is the product of someone else, and is not even presented as evidence.

Such having come before the president, who thereafter participated in the deliberations on the guilt or innocence of the accused, we are certain the error was of a prejudicial nature. The accused was shown to one of the fact finders as having admitted his guilt by a matter which was never properly before the court. Cf. United States v Grant, 10 USCMA 585, 28 CMR 151; United States v Tharp, 11 USCMA 467, 29 CMR 283. Such, in our view, requires reversal. United States v Smith, supra. It is so ordered.

The findings of guilty of Charge II and its specification are set aside. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Navy. The board of review may reassess the sentence on the remaining findings of guilty or order a

rehearing on the larceny charge and the penalty.

Judge KILDAY concurs.

QUINN, Chief Judge (concurring in the result):

The president of a special court-martial has responsibilities that transcend his role as a court member. For example, he alone is responsible for determining proper instructions on applicable rules of law, United States v Pinkston, 6 USCMA 700, 21 CMR 22; and his instructions are not subject to objection by any court member. United States v Bridges, 12 USCMA 96, 30 CMR 96. In this area, therefore, he certainly has the right to confer with counsel and the accused out of the presence of the other court members. Moreover, the Manual for Courts-Martial, United States, 1951, paragraph 40b(1), specifies certain "additional powers and duties" possessed by a president which are separate from his position as a court member. In the special court-martial, the president is expressly entrusted with responsibility for "the fair and orderly conduct of the proceedings." *Id.*, paragraph 40b (2). He is not, therefore, just a court member; he is also the presiding officer. As presiding officer, he possesses, in my opinion, discretion to determine whether a hearing out of the presence of other court members would preserve the fairness and orderliness of the trial. Of course, every such hearing must be in the presence of trial counsel and the accused and his counsel. Cf. United States v Bruce, 12 USCMA 410, 30 CMR 410. The occasions for such hearings may be few, but that circumstance does not justify depriving the president of his authority as presiding officer.

As to the merits of the question presented by the appeal, the circumstances are sufficiently like United States v Norwood, 16 USCMA 310, 36 CMR 466, to justify reversal of Charge II and its specification.