UNITED STATES, Appellee

v

EVAN F. TUCKER, Private, U. S. Marine Corps, Appellant

9 USCMA 587, 26 CMR 367

No. 11,482

Decided September 12, 1958

*Captain Frederick D. Clements,* USMC, was on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This is another of those unfortunate cases in which too little attention has been given to the requirements of law.

The accused was arraigned before a special court-martial upon two specifications alleging violations of Article 91, Uniform Code of Military Justice, 10 USC § 891. The first specification alleged willful disobedience of an order of Master Sergeant Wright, and the second set out disrespect toward the same individual. "Sergeant James L. Faulkner, Jr.," signed the charges. When the court convened "Sergeant James L. Faulkner, Jr.," was sworn as the reporter.

The Government concedes that the appointment of the accuser as the reporter constitutes prejudicial error, and has moved to remand for rehearing. The concession of error is entirely proper. United States v Moeller, 8 USCMA 275, 24 CMR 85. However, other matters disclosed by this record make a rehearing contrary to the interests of justice, and we have denied the Government motion.

The requirements of this case call for no more than a cursory description of a few of the numerous inherently and specifically prejudicial errors dotting this record.

These are some of the deficiencies.

Immediately prior to arraignment of the accused, trial counsel was permitted to amend what he referred to as the "specification of the charge" by substituting the name "Sergeant Will Johnson, for the name Master Sergeant Robert S. Wright." Despite this "amendment,"

**588**

the specifications copied into the record as those upon which the accused was arraigned recite the original allegations. Because of these inaccuracies of description, both by trial counsel and the reporter, it is impossible to determine whether the accused was charged with willful disobedience of Master Sergeant Wright and disrespect toward Sergeant Johnson, or, vice versa, and we cannot understand how the court-martial could determine from this record just what charges were before it.

The specification alleging disrespectful language failed to allege that the noncommissioned officer was then in the execution of his office. This is a fatal omission. Article 91(3), Uniform Code, supra; Form specification No. 27, Appendix 6c, Manual for Courts-Martial, United States, 1951; United States v Brown, 13 CMR 161. In the *Brown* case, supra, an Army board of review, after disapproving the disrespect charge, affirmed a finding of using provocative language as fairly alleged and proved. Even were we disposed to attempt such curative action, the failure of the record to indicate clearly the noncommissioned officer referred to would prevent this.

A report of a board of medical survey prepared after an examination of the accused was received in evidence. Numerous references to other criminal activities of the accused were fully described therein. Juvenile convictions as well as others were set out therein, and no attempt was made to mask these entries prior to its submission to the trial court. There is no room to doubt the prejudicial effect of such material.

United States v Yerger, 1 USCMA 288, 3 CMR 22; United States v Perna, 1 USCMA 438, 4 CMR 30; United States v Randall, 5 USCMA 535, 18 CMR 159; United States v Kelley, 7 USCMA 584, 23 CMR 48.

The final entry in this catalogue of confusion relates to the handling of the accused's petition for review. On December 6, 1956, the board of review affirmed the conviction. The board's opinion was not served upon the accused until January 18, 1957. Three days later he put his petition for review in military channels at the U. S. Naval Retraining Command, Portsmouth, New Hampshire. For no reason apparent on the face of the record, this petition was not forwarded to The Judge Advocate General of the Navy until more than one full year had elapsed—February 25, 1958. Thereafter, this petition, implemented by appellate defense counsel's assignments of error and supporting brief, was filed with this Court.

There may be good reason for the delay in the appellate processes, but it does not appear in the record before us. Unexplained delays of the kind presented here should not be tolerated by the services, and they will not be countenanced by this Court.

The decision of the board of review is reversed. In view of all the circumstances, the charge, with its specifications, is ordered dismissed.

Judges LATIMER and FERGUSON concur.