UNITED STATES, Appellee

v

GEORGE R. FOREMAN, Private,
U. S. Army, Appellant

18 USCMA 249, 39 CMR 249

No. 21,557

April 11, 1969

*Major John Wall Hanft* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Lieutenant Colonel Martin S. Drucker.*

*Major William A. Pope, II,* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major Edwin P. Wasinger.*

## Opinion of the Court

FERGUSON, Judge:

Pursuant to his plea of guilty, the accused was convicted of one specification each of larceny and housebreaking with intent to commit larceny, in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 USC §§ 921 and 930, respectively. As the case reaches us his sentence extends to a bad-conduct discharge, total forfeitures, and confinement at hard labor for one year.

We granted review to consider the effect of a refusal by the law officer to grant a defense request for a contin-

uance in order to obtain the presence of a witness and a portion of the argument of trial counsel on sentence.

During the sentencing portion of the trial, defense counsel was granted a brief recess to make a telephone call in order to locate a witness. Upon his return, the record reflects the following colloquy:

"LO: . . . Now, it's my understanding that the witness that the defense has been attempting to get here to testify has not shown up yet, and there's no indication at this point as to when he will show up. Now, also, we are aware that the probable reason for his absence is that this post has been struck by an unexpected snow storm—following the first day of spring, I might add!—and it's extremely difficult to get around the installation at all because of the depth of the snow.

"Now would you state your position here, Captain McMenamin?

"A. Right sir. This witness was the main supervisor of the work in the utility section when the accused worked as a plumber on this base. He was also his supervisor in the barracks. The expected testimony is that the accused, Private Foreman, was, in the opinion of this NCO, Sergeant Nuthall, one of the best workers that he has supervised since he's been in the Army. Private Foreman, according to his opinion, according to the expected testimony, is a diligent, conscientious, hard-working soldier who can complete a task with no supervision and requires a minimum of supervision and can carry a task to a successful completion and invariably did, in Sergeant Nuthall's opinion.

"The defense feels that this testimony, in view of the charges, is extremely important to present on behalf of the accused.

"Adequate notification was given to the witness and to his supervisors —they are out searching for him now. Of course, I also have to point out to you that we don't know exactly where he is, and he is an engineer—and in view of that and the weather, probably he's out on a job right now.

"LO: Well, when was he notified to appear at these proceedings?

"DC: Monday, of this week, sir, was the first time he was contacted. Second contact was made on Tuesday, and then again yesterday.

"LO: What time was he supposed to be here?

"DC: He's supposed to be here by nine o'clock, or earlier, sir, should I call him earlier. And he said that he would remain at a certain number and be able to come to court within a matter of five minutes.

"LO: Well, it is now a quarter to ten, so he's forty-five minutes late at this point. Is that correct?

"DC: That's correct, sir.

"LO: And you've been trying to reach him?

"DC: I've been trying to reach him since—well for more than an hour. I've made numerous calls.

"LO: What's the Government's position in this matter?

"TC: Sir the Government would be more than willing to enter into a reasonable stipulation which would conform to the desired testimony of this defense witness.

"LO: Well, I would be inclined to not wait any longer. You can go out and call him one more time, but it would seem to me that if you don't find him at this time we will proceed with this trial and you can state his expected testimony in open court. And as I understand it, the Government will stipulate what you will say. Is that correct?

"TC: "Yes, sir. To what the defense counsel has previously indicated would be the testimony, we would certainly stipulate to this.

"LO: Well, I assume that what the defense is doing is requesting some kind of an indeterminate length of time to obtain the appearance of this witness. Is that correct?

"DC: That's correct, sir.

■■■■■■■■■■■■■

"LO: Well, that type of a motion is denied. The defense is instructed to try one more time to contact the witness, and if he's on his way, then we'll wait; if he's not on his way, we will proceed, but if he should come— excuse me, if he still cannot be contacted, we will proceed with these proceedings.

"DC: I'll try to contact him now, sir.

"LO: All right. This out-of-court hearing is terminated.

"(Hearing terminated at 0947, 22 March 1968.)

"(Court reconvened at 0955, 22 March 1968.)

"PRES: Court will come to order.

"TC: All parties to the trial who were present when the court recessed are again present.

"LO: Gentlemen, the defense's request for a further delay to obtain this witness has been denied."

A stipulation of expected testimony terminated the issue.

Appellate defense counsel contend that the law officer abused his discretion by not granting the requested continuance under the circumstances of this case. United States v Daniels, 11 USCMA 52, 28 CMR 276. They assert that since the witness was prepared to testify as to the appellant's good soldierly character, the accused was prejudiced by his absence. United States v Sweeney, 14 USCMA 599, 34 CMR 379.

The Government alleges that the question is not whether the law officer might have ruled differently, but whether under the circumstances the ruling was so unfair as to constitute an abuse of discretion resulting in prejudice. United States v Massey, 14 USCMA 486, 34 CMR 266; United States v James, 14 USCMA 247, 34 CMR 27. Assuming *arguendo* an abuse of discretion, they continue, prejudice is nonexistent since the testimony was before the court by way of the stipulation.

In United States v Sweeney, supra, we thoroughly reviewed the right of an accused to have witnesses in his defense and the value to him of character testimony, both as to findings and sentence. Cf. United States v Manos, 17 USCMA 10, 37 CMR 274. We need not repeat it here. Suffice it to say, as we noted in *Sweeney,* quoting from our earlier opinion in United States v Browning, 1 USCMA 599, 601, 5 CMR 27, concerning character testimony:

"Wigmore goes so far as to say that evidence of good soldierly character is even stronger than the customary evidence of good general character. Wigmore, Evidence, 3d ed, § 59."

According to trial defense counsel, the witness in this case was expected to testify to the good soldierly character of the accused. He classified this testimony as "extremely important." Prior arrangements had been made for the witness' appearance through three personal contacts. His supervisors were at that time attempting to locate him but since he was an engineer he could have been most anywhere on the base. The law officer himself said, "we are aware that the probable reason for his absence is that this post has been struck by an unexpected snow storm—following the first day of spring, I might add! —and its extremely difficult to get around the installation at all because of the depth of the snow."

Under the circumstances of this case, we hold that the defense's request was reasonable and its denial by the law officer constituted an abuse of discretion. United States v Daniels and United States v Manos, both supra. In view of the nature of the expected testimony, the error was prejudicial as to sentence. United States v Sweeney, supra.

Since a rehearing on sentence is in order, we need not decide whether the trial counsel prejudiced the accused by his argument on sentence when he appealed to the members to predicate the sentence upon its probable effect on relations between the military and civilians who operated business establish-

**251**

ments at Fort Campbell.[1] It is enough that we iterate the words of the Chief Judge in United States v Cook, 11 USCMA 99, 103, 28 CMR 323:

". . . an appeal to a court-martial to predicate its verdict upon the probable effect of its action on relations between the military and the civilian community 'pose(s) theories which are not supported by testimony and which operate as a one-way street against the accused.' United States v Mamaluy, 10 USCMA 102, 27 CMR 176."

See also United States v Boberg, 17 USCMA 401, 38 CMR 199. The error need not recur on rehearing.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.

Chief Judge QUINN and Judge DARDEN concur.

---

[1] Accused was convicted of housebreaking and larceny of tools from a privately operated automobile repair garage located on the post.