UNITED STATES, Appellee

v

LARRY A. ERVIN, Private,
U. S. Marine Corps, Appellant

20 USCMA 97, 42 CMR 289

*Lieutenant James S. Bailey,* JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.,* JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

The accused pleaded guilty before a special court-martial to a number of offenses in violation of the Uniform Code of Military Justice. After various modifications, the sentence included confinement at hard labor for four months and a bad-conduct discharge, which was suspended with provision for automatic remission.

Two questions are presented by this appeal. The first is to the effect that the instructions in regard to the sentence were erroneous. The contention is meritorious. See United States v Mamaluy, 10 USCMA 102, 27 CMR 176 (1959); United States v Cook, 11 USCMA 579, 29 CMR 395 (1960).

In the second assignment of error, the accused alleges that he was denied due process of law by inordinate delay in review of the case. Action was taken by the convening authority on the findings of guilty and the sentence on June 5, 1967. About five weeks later, his action was approved by the general court-martial authority, and on August 14, 1967, a Navy board of review affirmed the conviction. However, the accused was not served with a copy of the disposition of the board of review, which would have entitled him to appeal to this Court, until May 13, 1970.[1]

The Government has attempted to account for the delay by indicating that the record of trial "was inadvertently attached to a record which was sent to Central Records," and the mistake was not discovered until "a special project in April 1970" resulted in a review of records in Central Records. On discovery of the mistake, proceedings were initiated to complete the accused's right to appeal for further review.

When the Government has control of the procedures required to effect timely disposition of criminal charges, neither its good faith nor "inadvertent" negligence can excuse inordinate delay. United States v Parish, 17 USCMA 411, 38 CMR 209 (1968); see also Smith v Hooey, 393 US 374, 21 L Ed 2d 607, 89 S Ct 575 (1969); Gross v United States, 408 F2d 1297 (CA DC Cir) (1969). Assuming the excuse for the delay is unsatisfactory, consideration still must be given to whether the accused was prejudiced by the delay. United States v Richmond, 11 USCMA 142, 145, 28 CMR 366 (1960); United States v Gross, supra.

The error in the instructions requires reversal. If a rehearing were ordered the accused could allege the effects of the three-year delay precipitated by the Government as justification for an application to dismiss the charges. United States v Gross, supra. In our view, however, the present state of the record justifies dispositive action by this Court. The period of confinement has expired, the offenses are of an insubstantial nature and would not independently authorize the imposition of a punitive discharge, and the accused has been separated from the service.

---

[1] In the interim, the accused was separated from the service. For a discussion of the effect of this separation, see United States v Speller, 8 USCMA 363, 24 CMR 173 (1957).

Under the circumstances, "no useful purpose will be served by continuing the proceedings." United States v McLaughlin, 18 USCMA 61, 64, 39 CMR 61 (1968); Grosso v United States, 390 US 62, 19 L Ed 2d 906, 88 S Ct 709 (1968).

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside, and the charges are ordered dismissed.

Judge DARDEN concurs.

FERGUSON, Judge (concurring):

I concur.

Because of the inordinate delay by the Government in the appellate review of this case, I would reverse and dismiss the charges regardless of the existence of any other error. A delay of this nature is, in my opinion, a violation of due process of law. As this Court, faced with a similar delay, said in United States v Tucker, 9 USCMA 587, 589, 26 CMR 367 (1958):

". . . Unexplained delays of the kind presented here should not be tolerated by the services, and they will not be countenanced by this Court."