UNITED STATES, Appellee

v

MEADE A. DAVIS, Private, U. S. Marine Corps, Appellant

20 USCMA 541, 43 CMR 381

No. 23,664

April 30, 1971

Commander Maitland G. Freed, JAGC, USN, argued the cause for Appellant, Accused. With him on the brief was Lieutenant Kenneth F. Ripple, JAGC, USNR.

Commander Michael F. Fasanaro, Jr., JAGC, USN, argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Charles J. Keever, USMC, and Lieutenant Thomas J. Donegan, Jr., JAGC, USNR.

## Opinion

DARDEN, Judge:

The appellant in this case contends that delay in the review of his case deprived him of military due process.

On October 5, 1969, Davis escaped from the brig at Quantico, Virginia, while serving a general court-martial sentence. Eight days later he sur-rendered. Six days after that this special court-martial commenced. Charged with unauthorized absence and escape from confinement, the appellant was convicted of both charges and sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $108.00 per month for the same period. The convening authority

**541**

approved on February 13, 1970, but suspended that portion of both confinement and forfeitures in excess of four months. He also suspended the punitive discharge during the period of actual confinement plus six months, the suspension including a provision for automatic remission. On May 28, 1970, the supervisory authority approved the convening authority's action. The Court of Military Review affirmed the findings and sentence, as amended, on September 28, 1970.

The concern of defense counsel concentrates on six separate periods of delay : The lapse of 78 days (November 21, 1969, to February 7, 1970) in preparing this 39-page record of trial; the five day lapse (February 8 to 13, 1970) between authentication of the record and action by the convening authority; the 11 days required for transmittal of the case to the supervisory authority for review; the 71 days for accomplishment of the staff judge advocate's review (February 24 to May 6, 1970); the 22 days for the supervisory authority's action (May 6 to 28, 1970); and 18 days between that action and the Navy Court of Military Review's receipt of the case.

The convening authority attempted to explain the reason for a part of the prolonged review. In a letter to the Commanding General, Marine Corps Base, Quantico, Virginia, he attributed delay in submission of the record to "administrative backlog of completed and pending cases."

There are differences between the right to a speedy trial and that of speedy appellate action, ■ as shown in United States v Richmond, 11 USCMA 142, 28 CMR 366 (1960). Inordinate delays do not *"ipso facto"* demonstrate prejudice. United States v Prater, 20 USCMA 339, 342, 43 CMR 179 (1971).

This record is so uninformative that we cannot fix responsibility for the several extended periods of review that appear to be excessive. Fixing such responsibility is not a part of our function. Instead our duty is attempting to assure that a substantial right of the appellant has not been materially prejudiced. Officials in the executive or legislative branches who are charged with administration or legislative oversight may find much in the delays to pursue. Our impression that the time consumed in some parts of this review needs additional justification is not enough to warrant a reversal unless the delay has harmed the appellant.

In this instance the appellant and his counsel have not identified any errors that might have been redressed if the review had been conducted with admirable promptness. We have not found any such errors. The only hypothetical basis for possible prejudice here is that with a fast processing and review, the convening authority or the supervisory authority might have mitigated the confinement to less than that the appellant had already served when the record did reach these authorities. The likelihood of any such mitigation seems utterly inconsistent with the decision to refer the case for trial by special court-martial. This case, accordingly, presents "no wrong to be righted." United States v Prater, supra, at page 343.

We affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs in the result.

FERGUSON, Judge (dissenting) :

I dissent.

Despite the fact that the supervisory authority did not act on this *forty-page* record of trial until *after* the accused's sentence to confinement was served, my brothers find " 'no wrong to be righted' " on the basis of the opinion in United States v Prater, 20 USCMA 339, 43 CMR 179 (1971). I dissented in *Prater* and do so here for the reasons set forth in my separate opinion in that case.

The record, as noted above, was short and the issues were uncomplicated (escape from confinement and absence

without leave). The right to a speedy review is, in my opinion, a substantial one. As I stated in *Prater*, at page 344:

"Review by the convening authority is more than a mere search of the record for factual and legal errors. It is at this level that an accused has his best opportunity to be the recipient of clemency. United States v Massey, 5 USCMA 514, 18 CMR 138 (1955); United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970). The possibility of such relief is negated where, as here, the sentence to confinement has already been served."

Delays of the kind presented here should not be tolerated by the services nor countenanced by this Court. United States v Tucker, 9 USCMA 587, 26 CMR 367 (1958). Inasmuch as the Government was in complete, unbridled control of the situation during this period, it must be held to the highest standard of care, sensitivity, and expedition. United States v Norwood, 16 USCMA 310, 36 CMR 466 (1966).

Under the circumstances of this case, I would reverse the decision of the Court of Military Review and order the Charge and its specification dismissed. United States v Tucker, supra.