UNITED STATES, Appellee

v

FEDERICO ADAME, Jr., Private,
U. S. Marine Corps, Appellant

20 USCMA 573, 44 CMR 3

No. 23,973

May 28, 1971

*Lieutenant Arthur H. Rainey*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.*, JAGC, USN, was on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

At the accused's trial by a special court-martial, certain exhibits relating to a previous conviction were supposed to be admitted into evidence during the sentence proceedings, but they are not included in the transcript. This deficiency might normally be correctable by appropriate remand. See United States v Norwood, 16 USCMA 310, 36 CMR 466 (1966). However, it further appears that the decision of the United States Navy Court of Military Review, dated October 20, 1969, was not served upon the accused until February 16, 1971. See United States v Ervin, 20 USCMA 97, 42 CMR 289 (1970). The period of confinement as suspended has long since expired, as has the probationary period for remission of the bad-conduct discharge. Under the circumstances, "no useful purpose is served by continuing the proceedings." United States v Fortune, 20 USCMA 293, 43 CMR 133 (1971).

The decision of the Court of Military Review is reversed. The findings of guilty and the sentence are set aside and the charges are ordered dismissed.

Senior Judge FERGUSON concurs.

DARDEN, Judge (dissenting):

In my view Adame has suffered no harm from the delay in the appellate review of his case. United States v Prater, 20 USCMA 339, 43 CMR 179 (1971); United States v Davis, 20 USCMA 541, 43 CMR 381 (1971). But if there were need to correct the deficiency complained of, a rehearing on the sentence would be appropriate. The appellant pleaded guilty to the offenses charged, and, unlike the accused in United States v Ervin, 20

USCMA 97, 42 CMR 289 (1970), and United States v Fortune, 20 USCMA 293, 43 CMR 133 (1971), remains on active duty. There is therefore no reason to set aside the findings of guilty and to dismiss the charges.