UNITED STATES, Appellee

v

JAMES D. TIMMONS, Private First Class, U. S. Army, Appellant

22 USCMA 226, 46 CMR 226

No. 25,841

April 13, 1973

Captain Allan K. DuBois argued the cause for Appellant, Accused. With him on the brief were Colonel Arnold I. Melnick, and Captain Michael A. Mason.

Captain Glenn R. Bonard argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson, and Captain Nicholas Yonclas.

DUNCAN, Judge:

This case presents again the vexing issue of delay in the post-trial review of a court-martial conviction. The U. S. Army Court of Military Review found error in this desertion case in the failure of the military judge to require the Government to produce defense witnesses at trial on the issue of the accused's intent to remain away from his unit permanently. The Court of Military Review cured this error by affirming only the unauthorized absence offense and reassessing the sentence by reducing to the extent of one month's confinement and one month's partial forfeiture the sentence of a bad-conduct discharge, confinement at hard labor for seven months, forfeiture of $100.00 per month for seven months, and reduction to Private E–1 which was imposed at trial by the military judge.

The Court of Military Review found the issue of the unexplained and unreasonable post-trial delay of six months in the convening authority's initial review of this case to be "without substantial merit." We hold the 180-day delay between the trial and the convening authority's action to be unreasonable because it is essentially unexplained beyond the mere fact that the military judge, trial counsel, and trial defense counsel were located in three different places, and because of the brevity of the record (94 pages) and the short, uncomplicated post-trial review.

In United States v Tucker, 9 USCMA 587, 589, 26 CMR 367, 369 (1958), this Court dismissed the specifications because of "[u]nexplained delays . . . [which] should not be tolerated by the services, and . . . will not be countenaced by this Court." *Tucker* involved more than a year's delay in forwarding a petition for grant of review, as well as errors in the accuser serving as court reporter, in the amendment of charges, and in the introduction of inadmissible evidence. Since these errors could have been purged at a rehearing, it was the unexplained delay itself which must have been viewed as the crucial factor mandating dismissal. In United States v Ervin, 20 USCMA 97, 42 CMR 289 (1970), this Court again ordered charges dismissed where the Government " 'inadvertently' " failed to serve the accused with the decision of the board of review in his case until three years later. In addition to this inexcusable, inordinate delay, there was error in the sentence instructions which could have been cured at a rehearing. Other factors in *Ervin* which influenced our decision were the likelihood of dismissal on delay grounds in the event of a rehearing, the period of confinement having expired, the unavailability of a punitive discharge on the minor offenses involved, and the fact that the accused had been separated from the service. In *Ervin* and in *Tucker*, dismissal of charges was warranted because the original findings and sentences were invalid, and circumstances had made it impossible for a fair trial ever to occur again. In a word, the criminal proceedings in those cases could neither be purged of error on appeal, nor cured remedially at a rehearing. Later cases, however, have emphasized that post-trial delay, standing alone without prejudicial error in the trial proceedings, will not require relief on otherwise proper findings and sentences. United States v Wheeler, 21 USCMA 468, 45 CMR 242 (1972); United States v Whitmire, 21 USCMA 268, 45 CMR 42 (1972); United States v Davis, 20 USCMA 541, 43 CMR 381 (1971); United States v Prater, 20 USCMA 339, 43 CMR 179 (1971); United States v Richmond, 11 USCMA 142, 28 CMR 366 (1960); Cf. United States v Sanders, 20 USCMA 580, 44 CMR 10 (1971); United States v Adame, 20 USCMA 573, 44 CMR 3 (1971); United States v Fortune, 20 USCMA 293, 43 CMR 133 (1971). Of course, these cases should not be read to mean that the Government may de-

**22 USCMA 227**

lay the post-trial review of a case with impunity. The Uniform Code provides one means of insuring against unnecessary delay in the disposition of a case, Article 98, UCMJ, 10 USC 898, while this Court stands prepared to terminate the delay itself, upon timely request for relief. Rhoades v Haynes, 22 USCMA 189, 46 CMR 189 (1973).

■ In United States v Prater, supra, this Court said:

Where error has occurred in the conduct of a court-martial proceeding, some combinations of sentences and delays can result in cases requiring relief if a review for errors of law under Article 67, Uniform Code of Military Justice, 10 USC § 867, is not to become a completely inane exercise.

20 USCMA 339, 343, 43 CMR 179, 183. But relief at this level is not required inasmuch as the U. S. Army Court of Military Review has purged the witness error by approving a finding of a lesser included offense, so the accused now stands convicted of absence without leave rather than desertion. We hold this conviction to be valid and free of error. Whatever reason might exist to deplore post-trial delay generally, we are loathe to declare that valid trial proceedings are invalid solely because of delays in the criminal process after trial.

■ Appellant also alleges that he was prejudiced by the fact that in the post-trial review the staff judge advocate made absolutely no reference to the appellant's testimony in mitigation or to the letters of good character (Defense Exhibits I, J and K) submitted by the defense during the hearings on sentence. We agree.

Article 61, UCMJ, 10 USC § 861, and paragraph 85b, Manual for Courts-Martial, United States, 1969 (Revised edition), require the staff judge advocate to review the record of trial and make recommendations to the convening authority regarding the validity of the findings of guilty determined by the court-martial and the appropriateness of the sentence adjudged by it.

**22 USCMA 228**

See United States v Fields, 9 USCMA 70, 25 CMR 332 (1958). Material omissions in the advice may lead the convening authority to take action different from that he might have taken had he known of the omitted matter.

In United States v Cruse, 21 USCMA 286, 288, 45 CMR 60, 62 (1972), where we found the staff judge advocate's post-trial advice to be deficient, we declared:

A staff judge advocate is necessarily selective in summarizing the evidence for a post-trial review. His exercise of discretion is subject to review for abuse. United States v Cash, 14 USCMA 96, 33 CMR 308 (1963). A review that is incomplete or misleading on an important point is unacceptable. United States v Hooper, 9 USCMA 637, 26 CMR 417 (1958).

In United States v Arnold, 21 USCMA 151, 44 CMR 205 (1972), we found prejudicial error where the staff judge advocate, although he reviewed various matters submitted in mitigation and aggravation, made no reference whatever to the trial judge's recommendation for suspension of the discharge.

It can hardly be claimed that that portion of the trial devoted exclusively to determination of an appropriate sentence is of little or no importance. It is an essential part of the trial proceedings. "Until the sentence proceedings are complete, the trial is not ended." United States v Strand, 6 USCMA 297, 306, 20 CMR 13, 22 (1955). See also United States v Allen, 8 USCMA 504, 25 CMR 8 (1957). If a court-martial is not to be deprived of necessary information on which to base an appropriate sentence, United States v Huff, 11 USCMA 397, 29 CMR 213 (1960); United States v Foreman, 18 USCMA 249, 39 CMR 249 (1969), so too the convening authority. Illumination as to matters to be considered with regard to an appropriate sentence is of such importance that we have not hesitated to reverse where, after the presentation of matters in extenuation and mitigation, the in-

structions to the court on punishment were limited to the maximum sentence and additional *pro forma* advice. United States v Hudson, 17 USCMA 383, 38 CMR 181 (1968). See also United States v Wheeler, supra.

In the case at bar, the post-trial review, as alleged, contains no mention of the hearing on sentence or of the evidence presented therein. In a section entitled *"CLEMENCY"* the staff judge advocate simply set forth the terms of the adjudged sentence and stated that it "is within legal limits and is appropriate."

In addition to the letters of good character, presented by defense counsel, the accused, in an unsworn statement, disclosed that he had enlisted in the Army within a month after his 17th birthday and had served honorably in the United States and Germany for over two years and seven months prior to his unlawful absence. (Trial counsel presented no evidence of prior convictions.) He stressed his religious background; his love for music, which began in the church, and related that he had obtained a part in the musical "Hair" while in Paris. During that period he sought and obtained counselling from Mr. Anthony Clay, head of the Quaker Center International in Paris, who described Timmons as "an immature, confused and frightened young man."

Timmons allegedly sought help from his first sergeant before he went absence, but without the hoped for result. He acknowledged that his method of attempting to solve his problems with respect to the Army was wrong.

The findings of guilty in this case are not affected by our determination that the post-trial delay herein was unreasonable, or that the staff judge advocate's review was prejudicially inadequate. Consequently, the findings of guilty are affirmed. The case is remanded to the U. S. Army Court of Military Review for reassessment of the sentence in view of the errors discussed in this decision.

Chief Judge DARDEN concurs.

QUINN, Judge (dissenting):

I agree that the staff judge advocate's post-trial advice is prejudicial. Since that error was not considered by the Court of Military Review, it is now the direct responsibility of this Court to determine whether to remand the record of trial for further corrective proceedings or to dismiss the charge. United States v Timberlake, 22 USCMA 117, 46 CMR 117 (1973). As I view the circumstances disclosed in the record, I believe the interest of justice would be better served by dismissal. United States v Tucker, 9 USCMA 587, 26 CMR 367 (1958).