UNITED STATES, Appellee

v

LEONARD W. BARFIELD, Private First Class,
U. S. Army, Appellant

22 USCMA 321, 46 CMR 321

No. 26,547

June 1, 1973

Captain *David E. Ware* argued the cause for Appellant, Accused. With him on the brief were Colonel *Arnold I. Melnick* and Captain *Thomas Barry Kingham.*

Captain *R. Craig Lawrence* argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel *Ronald M. Holda-*

way, *Major Thomas P. Burns, III, Captain Glenn R. Bonard,* and *Captain Richard L. Menson.*

## Opinion of the Court

DARDEN, Chief Judge:

The question involved in this case is whether the military judge prejudicially erred by denying the accused a brief continuance to secure the attendance of a witness in mitigation and extenuation.

Private First Class Leonard W. Barfield pleaded guilty to a charge of committing a lewd and lascivious act on the body of a 5-year-old child and was sentenced to a bad-conduct discharge and confinement at hard labor for 3 years. The term of confinement has since been reduced to 15 months, but the sentence has otherwise been affirmed.

After the accused's plea was accepted, the defense counsel tendered in evidence a psychiatric evaluation of the accused that attributed his offense to immaturity and a serious drinking problem. He also offered in evidence a stipulation of expected testimony from the psychiatrist, Major Sam C. Gould, stating the conclusions that he drew from examining Barfield. Both the evaluation and the stipulation expressed Dr. Gould's opinion that sexual offenders like Barfield had a low rate of recidivism and his personal view that the accused would not repeat his act. On objection by the prosecution, the statements regarding recidivism in the evaluation and the stipulation were excluded from evidence as incompetent and irrelevant.

A defense motion for a continuance to obtain Dr. Gould's attendance was denied after an offer of proof indicated he would testify that from his knowledge of several studies of sex offenders and the facts of the accused's case, he had concluded that offenders like the accused were seldom recidivistic, and that he did not believe the accused was likely to repeat his offense.

█ An accused is entitled to the attendance of witnesses in his attempt to extenuate his offense and to mitigate his punishment. United States v Manos, 17 USCMA 10, 37 CMR 274 (1967); United States v Sweeney, 14 USCMA 599, 34 CMR 379 (1964). Denial of a continuance to obtain the attendance of a witness in the presentencing proceedings may be prejudicial. United States v Foreman, 18 USCMA 249, 39 CMR 249 (1969).

█ After an accused has been found guilty, the rules of evidence are relaxed, and the defense may offer any relevant information that tends to assist the court in "determining the kind and amount of punishment to be imposed." Paragraph 75a, Manual for Courts-Martial, United States, 1969 (Rev ed). The testimony that may be adduced extends to such topics as whether the accused should be retained in the service or a punitive discharge adjudged. United States v Vogel, 17 USCMA 198, 37 CMR 462 (1967); United States v Robbins, 16 USCMA 474, 37 CMR 94 (1966). Essentially, the standard that should be applied is whether the information offered will be helpful to the court in determining an appropriate sentence or even to serve as a ground for a later recommendation of clemency. Paragraph 75c(4), Manual, supra.

█ Applying these principles, we conclude that the military judge erred by denying the accused a continuance to obtain Dr. Gould's testimony after rejecting a portion of his psychiatric report and the stipulation of his testimony. In determining punishment, sentencing instrumentalities now look beyond the act that an accused has committed. Today, psychiatric evaluations of offenders and the nature of their behavior are often considered. Whether such behavior is likely to be repeated or is an isolated aberration on the accused's part is obviously of importance in determining the sentence to be imposed. The offer of proof established Dr. Gould's expertise as a psychiatrist and his research into the recidivism of

**22 USCMA 322**

sexual offenders like the accused. The basis for his expert view might be open to attack on either the extent of his studies or the opportunity he had to observe the accused, but such a challenge would affect the weight of his testimony and not its admissibility. As the testimony was relevant and admissible, the defense should have had the opportunity to produce it.

All deprivations of witnesses in extenuation and mitigation are not prejudicial. United States v Manos, supra. In the present case, refusal to give the accused the opportunity to present Dr. Gould's opinions handicapped the defense case for a lesser penalty. Dr. Gould's testimony could have been effective in persuading the court that the accused was unlikely to repeat his offense and that a less severe sentence was justifiable. We accordingly conclude that the erroneous denial of the continuance necessary to obtain the presence of this witness was prejudicial.

The decision of the U. S. Army Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Army. A rehearing on the sentence may be ordered.

Judges QUINN and DUNCAN concur.