UNITED STATES

v.

Airman First Class Edwin MILAN, FR 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, United States Air Force.

ACM 23727.

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 May 1982.

Decided 21 July 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

This case [1] involves an appalling post-trial delay of 237 days—including 132 days between the convening authority's action in California and receipt of the case by The Judge Advocate General in Washington, D.C. We record here our emphatic disapproval of such inordinate and unexplained delays and recommend specific steps to aggressively expedite future court-martial cases. However, as to this delay, we find no specific prejudice to the accused.

### I

The sentence was adjudged on 6 May 1982 at Plattsburgh Air Force Base, New York, within the general court-martial jurisdiction of 8th Air Force (SAC). Due to an immunized prosecution witness, responsibility for reviewing the case was transferred to 15th Air Force, (SAC), located at March Air Force Base, California. The commander, 15th Air Force, acted upon the case on 19 August 1982, some 105 days after trial, approving the sentence.

The next step was to forward the record to The Judge Advocate General for review by this Court. For some inexplicable reason, however, the case did not arrive in Washington until 29 December 1982. This was 132 days after the action of the Commander, 15th Air Force, and 237 days after

---

1. The accused was found guilty of offenses involving marijuana, assault, and communicating a threat, in violation of Articles 134 and 128, U.C.M.J. 10 U.S.C. §§ 934 and 928. His sentence, as approved is a dishonorable discharge, confinement at hard labor for four years, forfeitures of $300.00 per month for 48 months, and reduction to airman basic.

trial. The accused has been in continuous confinement since announcement of the sentence.

In able oral argument and written briefs, appellate defense counsel argues that the accused has been denied his right to prompt post-trial review of his case; as the brief states:

In the instant case the lapse of 105 days between trial and action is bad enough, but the additional delay of more than four months to accomplish the monumental task of getting the record to Washington and to this Honorable Court for review is both unwarranted and unwarrantable. It shows nothing but the grossest form of official indifference and must not be given countenance by this Court.

As a partial remedy, the defense urges the Court to exercise supervisory responsibility over military justice matters and announce a rule mandating prompt forwarding of cases to The Judge Advocate General following convenor action.

The record contains no explanation for this particular delay; appellate Government counsel note, however, that the *Goode* response took 14 of the 105 days between completion of trial and action. After subtracting the 14 days for which the defense was responsible, the Government maintains, only 91 days remain; thus, no prejudice exists. *United States v. Banks,* 7 M.J. 92 (C.M.A.1979).

### The Proper Test: Prejudice

We begin our analysis by stating the test mandated by Court of Military Appeals precedents for delays such as this: *Absent demonstrated prejudice, inordinate delay after the convening authority acts does not in and of itself justify dismissal of charges.*

In *United States v. Tucker,* 9 U.S.C.M.A. 587, 26 C.M.R. 367 (1958), the accused put a petition for review in military channels. For no apparent reason, this petition was not forwarded to the Judge Advocate General of the Navy until more than a year later. Numerous other errors occurred at trial, including the fact that the accuser served as court reporter. The Court of Military Appeals ordered "[i]n view of all the circumstances. . . ." the case dismissed. *Tucker* was explained and limited in *United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973); the Court there emphasized that prejudicial error must be found in the trial proceedings before relief obtains on otherwise proper findings and sentence; post-trial delay, standing alone, is insufficient.

In *United States v. Ervin,* 20 U.S.C.M.A. 97, 42 C.M.R. 289 (1970), the accused was not served a copy of the Navy Board of Review decision in his case until three years had elapsed. The error was discovered by a central records review. The Court stated that consideration must be given to whether the accused was prejudiced by the delay. Considering the overall circumstances, appellate dismissal of charges was appropriate.

In *United States v. Green,* 4 M.J. 203 (C.M.A.1978), delay resulted from failure to forward the accused's original petition to the Court of Military Appeals following Army Court of Military Review affirmance of his conviction; the accused filed his petition at Fort Dix, New Jersey in June 1975; it was not forwarded. In February 1976, the accused filed a second petition. Again, the Court tested for specific prejudice; it found none and affirmed.

### The Dunlap-Banks Cases

What we have said thus far about testing for prejudice in cases of delay *after* the convenor has acted does not exhaust the subject. From the line of cases addressing post-trial delays extending from sentence to convening authority action, there is also much to be learned.

In *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), the Court of Military Appeals stated that it would presume a prejudicial denial of speedy disposition when the accused was continuously under restraint after trial and the convenor did not promulgate his formal final action within 90 days after such re-

straint.[2] Later, in *United States v. Banks, supra,* the Court modified its *Dunlap* rule because of changed circumstances, stating that future delays would be tested for prejudice.

All is not well with the *Banks* solution, however; untoward time delays continue to plague the system. As the Court of Military Appeals cautioned in *United States v. Clevidence,* 14 M.J. 17, 19, (C.M.A.1982), a case of 313 days' post-trial delay before supervisory authority action:

> . . . it seems clear that unless we register our emphatic disapproval of such "inordinate and unexplained" delay in a case like this, we may be faced in the near future with a situation that would induce a return to the draconian rule of *Dunlap.*

*See also United States v. Sutton,* 15 M.J. 235, 236 (C.M.A.1983) (one year's delay).

Moreover, in *Clevidence,* the showing of prejudice found sufficient to justify dismissal of charges against the accused was slight—the claim that he had been hindered in finding adequate work because potential employers "are concerned that he may be recalled to active duty." *United States v. Clevidence, supra,* at 19. In sum, *Clevidence* was reversed on these twin bases:

> Since it appears that under the circumstances of this case, the delay in post-trial review was prejudicial to Clevidence and since we are sure that, *in the exercise of our supervisory authority over military justice, we must halt the erosion in prompt post-trial review of courts-martial,* we reverse the decision of the United States Court Guard [Court] of Military Review, set aside the findings and sen-

tence, and dismiss the charges against appellant (emphasis added).

*United States v. Clevidence, supra,* at 19.

### Lessons Learned

From these cases, we discern three main points. First, in post-trial delay situations prejudice must be shown before relief will be granted. Second, the demonstrated prejudice can be slight—e.g., perceived civilian job difficulties. Third, the Court of Military Appeals is concerned with delay and has exhorted practitioners to greater professionalism to avoid return to the "draconian" *Dunlap* rule.[3] With these premises in mind, we address the instant case.

■ Finding no specific prejudice, we affirm. Like the Court of Military Appeals, we also "are loathe to declare that valid trial proceedings are invalid solely because of delays in the criminal process after trial. . . ." *United States v. Timmons, supra,* at 228.

Nevertheless, our duty does not stop there, especially since this is not the first example we have encountered of court-martial processing delay in various commands. *See, for example, United States v. Munkus,* 15 M.J. 1013 (A.F.C.M.R.1983) (speedy trial); *United States v. Purdy,* 15 M.J. 689 (A.F.C.M.R.1983) (post-trial delay).

Such delays must cease. If unwarranted delays continue, we may ourselves initiate a prophylactic rule more strict than *Banks,* affirming the findings but approving lesser sentences or no sentence—even if there is no adequate showing of prejudice justifying dismissal of charges. *See United States v. Owens,* 2 M.J. 1286 (C.G.C.M.R.1976); *United States v. Player,* 2 M.J. 1115 (C.G.C.M.R. 1975); *see also United States v. Clevidence,*

---

**2.** During the time when *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974) was the standard, the 90-day rule was applicable only to delays occurring prior to the convening authority's action. *United States v. Green,* 4 M.J. 203, 204 (C.M.A.1978); *United States v. Powis,* 12 M.J. 691, 694 (N.M.C.M.R. 1981).

**3.** There is some suggestion that the line distinguishing between the *Dunlap-Banks* cases (protecting an accused from unreasonable delay

solely between post-trial confinement and the date the convenor first reviews the case) and other appellate delays is fading. In *United States v. Sutton,* 15 M.J. 235 (C.M.A.1983), the delay occurred between the action of the convening authority and that of the supervisory authority, rather than in authenticating the record. This difference seemed immaterial to the Court, giving Sutton the same relief granted in *United States v. Clevidence,* 14 M.J. 17 (C.M.A. 1982).

11 M.J. 661 (C.G.C.M.R.1981). Also, we are not unaware of the provisions of Article 98, U.C.M.J., 10 U.S.C. § 898 in this context. *See Timmons, supra*, at 228.

 For now, we are content to believe that the problem can be solved administratively. Accordingly, we make two specific suggestions to short-circuit problems in the future. We commend to The Judge Advocate General that: (1) the instant delay be fully investigated; and (2) all affected personnel—including staff judge advocates, paralegals, and area defense counsel—be reminded of the need to move cases with dispatch.

## II

The accused argues that the defense was unjustifiably denied an opportunity to make tape recordings during the Article 32 proceedings. The issue was squarely decided by this Court in *United States v. Rowe*, 8 M.J. 542, 544 (A.F.C.M.R.1979), rev'd on other grounds, 11 M.J. 11 (C.M.A.1981), to which we adhere. *See also United States v. Svoboda*, 12 M.J. 866 (A.F.C.M.R.1982).

## III

The accused claims entitlement to credit for illegal pretrial confinement as prescribed by *United States v. Lynch*, 13 M.J. 394 (C.M.A.1982). We agree and will order a proper administrative credit. *United States v. Pettersen*, 14 M.J. 608 (A.F.C.M.R.1982).

## IV

The other matter raised by the accused concerns the alleged interview of a government witness outside the presence of the accused and his counsel during the Article 32 investigation. This issue is resolved adversely to the accused. The witness, Staff Sergeant T, testified on the matter at trial, stating under oath that he had not been asked to lie or told what to say during the Article 32 proceedings. The record shows that Staff Sergeant T was simply advised as to what constituted an assault under military law; his testimony convinces us that there was no attempt to put words into his mouth or in any way coach him. After careful factual review, we are satisfied that no error occurred here.

## V

The accused urges that the sentence is inappropriate. We have carefully considered the facts of record. Based upon the record, we find appropriate only so much of the sentence as extends to a bad conduct discharge, confinement at hard labor for 30 months, forfeiture of $300.00 per month for 30 months, and reduction to airman basic.

Administrative credit is ordered in compliance with Part III, above.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

RAICHLE and SNYDER, Judges, concur.