CLARK, Judge:
At his general court-martial before a military judge alone, the appellant was convicted, pursuant to his pleas, of stealing more than ten thousand dollars from various commercial and government activities,[1] of forging nearly five thousand dollars in checks,[2] of making and uttering nearly six thousand dollars in bad checks,[3] and of wrongfully receiving and concealing stolen government property valued in excess of one hundred dollars.[4] The sentence adjudged and approved by the convening authority included confinement for 24 months, forfeitures of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge.
The convening authority promulgated his action on the appellant’s case nearly 8 months after completion of the court-martial. The appellant asserts that he has suffered specific prejudice as a result of the delay between the completion oif his court-martial and the promulgation of the convening authority’s action.[5] We find no merit in the appellant’s claim.
The appellant’s claim, that the delay preceding the convening authority’s action deprived him of an opportunity to be considered for parole, does not establish that, but for the delay, he would have been granted parole. The appellant’s claim does not establish the type of verified or verifiable prejudice contemplated in United States v. Dunbar, 31 M.J. 70 (C.M.A.1990). See also United States v. Jenkins, 38 M.J. 287 (C.M.A.1993).
A criterion for a parole eligibility hearing for a naval service offender serving confinement in a naval brig is that he have an approved court-martial sentence which includes confinement for 12 months or more. Secretary of the Navy Instruction 5815.3H of 5 Oct 1993; subj: DEPARTMENT OF THE NAVY CLEMENCY AND PAROLE SYS *853 TEMS [SECNAVINST 5815.3H], ¶501. Until the convening authority approved the appellant’s sentence to confinement for a period of 12 months or more, the appellant was not eligible for a parole hearing. Although we find that the appellant was deprived of an opportunity for a parole hearing, we are not satisfied that, had he been provided a parole hearing, he would have been granted parole.
The criteria for being granted parole is more strict than that for being granted a hearing. The appellant has not verified that the Factors for Parole Decision-Making would have favored his being granted parole. See SECNAVINST 5815.3H, ¶ 512. Without such verification, or similar evidence, this Court is not inclined to presume that the appellant would have been paroled. Of the fourteen non-inclusive factors which the Naval Clemency and Parole Board [NC & PB] must consider in its decision regarding an offender’s request for parole, we will not speculate how the NC & PB would have considered these factors in relationship to the appellant’s circumstances. We note, however, that applying the GUIDELINES FOR PAROLE DECISION-MAKING, appearing as Appendix C in SECNAVINST 5815.3H, the appellant’s Salient Factor Score and his Offense Severity Rating place him in the category where the customary range of confinement to be served before parole is 12-16 months. At the time that the convening authority acted on the appellant’s case, the appellant had served less than 15 months total confinement. The matters before this Court do not establish that the appellant would have been paroled, merely that the NC & PB may have been required to articulate its reasons for denying him parole.
The appellant has not carried his burden of verifying his claim of specific prejudice resulting from the delay preceding the convening authority’s action.
The appellant argues that this Court should find that the government acted negligently and without reasonable diligence in reviewing his case, and that this Court should grant him relief on that basis. A panel of this Court earlier applied that standard within the specific context of another case involving post-trial delay. See United States v. Thomas, 41 M.J. 873 (N.M.CtCrim. App.1995). That panel analogized the particular facts of that case to our supervisory court’s analysis of a speedy trial issue in relation to Article 10, UCMJ, 10 U.S.C. § 810. See United States v. Kossman, 38 M.J. 258 (C.M.A.1993). We are not satisfied that this standard should be applied universally where lack of speedy review is at issue.
In Kossman, the Court of Military Appeals specifically overruled United States v. Burton, 21 C.M.A. 112, 44 C.M.R. 166, 1971 WL 12477 (1971) and United States v. Driver, 23 C.M.A. 243, 49 C.M.R. 376, 1974 WL 14085 (1974), cases which established the 90-day presumption in reference to speedy trial issues. The Kossman Court noted that “several key changes” had occurred in pretrial confinement proceedings since the Burton decision. These changes provided an accused such protections that a 90-day presumption was no longer necessary. Recognizing the realities of military justice logistics, the Court held that the pre-Burton standard of “reasonable diligence” on the part of the government in bringing an accused to trial is appropriate. Kossman, 38 M.J. at 262.
In analogizing post-trial delay to the “reasonable diligence” standard of Kossman, the Thomas Court adopted the reasoning of another 90-day presumption case. See Dunlap v. Convening Authority, 23 C.M.A, 135, 48 C.M.R. 751, 1974 WL 13908 (1974) (holding that a presumption of denial of speedy review occurred when an accused was continuously under restraint after trial and the convening authority did not promulgate the action within 90 days of trial). The language adopted from Dunlap referred to that Court’s perception that a court-martial and the resulting convening authority’s action are so connected as to constitute a single stage of the proceedings “for the purpose of speedy disposition of the charges.” Thomas, 41 M.J. at 876-77, citing Dunlap, 48 C.M.R. at 753. The Dunlap 90-day presumption was specifically overruled in United States v. Banks, 7 M.J. 92 (C.M.A.1979), wherein the Court of Military Appeals established the test for prejudice in examining claims for relief for post-trial delay.
*854 Later, the Court of Military Appeals held that relief for post-trial delay may not be predicated upon claims of prejudice that are unverified and unverifiable. United States v. Dunbar. As it did in Kossman in overruling the Burton presumption, in Banks, the Court noted the many changes which provide an accused more post-trial protections than were provided before Dunlap was decided. Therefore, to the extent that the Dunlap Court equated post-trial confinement with pretrial confinement and held that a court-martial and the resulting convening authority’s action constitute a single stage for speedy disposition, that holding was undermined by the holding in Banks.
We are not satisfied that a basis exists to apply the speedy trial “reasonable diligence”
standard reestablished in Kossman to our examination of the speedy review issue in the context of this case. To establish an Article 10, UCMJ, violation the proponent would be required to first establish that the Government could readily have gone to trial much sooner than it did, but negligently or spitefully chose not to. Kossman, 38 M.J. at 261. Analogizing that prerequisite to denial of speedy review, an appellant would have to first establish that the convening authority could readily have taken the action much sooner than he did, but negligently or spitefully chose not to. The appellant has not done that in this case.
Our examination of the record of trial and the accompanying documents establishes the following chronology of events:
Event Date Delay Total
Trial Completed 23 May 94
Record Authenticated 12 July 94 2 mos
Clemency Request 19 August 94 1 mo < 3 mos
Request for Immediate Action 19 October 94 2 mos < 5 mos
SJAR Prepared 2 November 94 2 wks $ 5 mos
CDC Served with SJAR 10 November 94 lwk < 6 mos
CDC Acknowledged Receipt of SJAR & Renewed Requested for Immediate Action 17 November 94 1 wk 6 mos
CDC Renewed Request for Immediate Action 28 November 94 $ 1 wk 6 mos
CDC Responded to SJAR and Requested New SJAR 29 November 94 1 day 6 mos
Addendum to SJAR 11 January 95 6 wks 8 mos
CA Action 17 January 95 < lwk 8 mos
Even were we to apply the “reasonable diligence” standard which the appellant suggests, we would not find the brief periods of inactivity in this case to be unreasonable or oppressive.
Accordingly, the findings and the sentence, as approved on review below, are affirmed.
Senior Judge DeCICCO and Judge DOMBROSKI concur.

. Violation of Uniform Code of Military Justice [UCMJ], Article 121, 10 U.S.C. § 921.

. Violation of UCMJ, Article 123, 10 U.S.C. § 923.

. Violation of UCMJ, Article 123a, 10 U.S.C. § 923a.

. Violation of UCMJ, Article 134, 10 U.S.C. § 934.

. APPELLANT WAS DENIED SPEEDY POST-TRIAL REVIEW IN THAT THE CONVENING AUTHORITY FAILED TO TAKE ACTION ON APPELLANT’S CASE UNTIL EIGHT MONTHS AFTER COMPLETION OF THE TRIAL, DESPITE REPEATED REQUESTS FROM APPELLANT FOR SPEEDY REVIEW, WHEREBY APPELLANT WAS PREJUDICED BY DENIAL OF CONSIDERATION FOR PAROLE.