**UNITED STATES**

v.

**Toro NMN KHAMSOUK, Ship's Serviceman Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 9900711.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 22 Aug. 1997.

Decided 27 Feb. 2003.

---

Lt ELYSIA G. NG, JAGC, USNR, Appellate Defense Counsel.

Maj ROBERT M. FUHRER, USMC, Appellate Government Counsel.

Before FINNIE, Senior Judge, CARVER, and HARRIS, Appellate Military Judges.

CARVER, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, contrary to his pleas, of fraudulent enlistment, five specifications of larceny, forgery, and 16 specifications of unauthorized use of another's credit card, in violation of Articles 83, 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 883, 921, 923, and 934. The appellant was sentenced to a bad-conduct discharge, confinement for 5 years, total forfeiture of pay and allowances, a fine of $2,500.00, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged.

This case is before us on remand. We previously affirmed the findings and sentence in a published opinion, *United States v. Khamsouk*, 54 M.J. 742 (N.M.Ct.Crim.App. 2001). In particular, as to the assignment of error regarding post-trial processing delay, we found no evidence of prejudice and determined, therefore, that no relief was available under Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Id.* at 748.

However, after the publication of our opinion, the Court of Appeals for the Armed Forces ruled, in an unrelated case, that a service Court of Criminal Appeals may grant relief for "unreasonable and unexplained post trial delay" under Article 66(c), UCMJ, 10 U.S.C. § 866(c), even in the absence of specific prejudice. *United States v. Tardif*, 57 M.J. 219, 220 (2002). As a result, our superior Court set aside our previous decision and remanded the case to us for reconsideration in light of *Tardif*. *United States v. Khamsouk*, 57 M.J. 282 (2002). Thus, we will reexamine the issue of post-trial processing delay in this case.

The appellant was sentenced on 22 August 1997. The record of trial consists of a 668–page transcript. A copy of the unauthenticated record of trial was provided to the trial defense counsel on 16 September 1997. The trial counsel reviewed and signed the record of trial on 26 September 1997. The military judge did not authenticate the record until 31 October 1998. The authenticated record of trial was served on the trial defense counsel on 2 December 1998. The staff judge advocate's recommendation (SJAR) was signed on 10 February 1999 and served on the trial defense counsel on 18 February 1999. The trial defense counsel provided his response on 8 March 1999. The convening authority (CA) approved the sentence on 15 April 1999.

The appellant contends that the delay of approximately 20 months from sentencing to action by the CA was unreasonable. As a remedy, the appellant requests that we disapprove the punitive discharge. We decline to do so.

The appellant has a right to timely review of the findings and sentence. *United States v. Williams*, 55 M.J. 302, 305 (2001); *United States v. Tucker*, 9 C.M.A. 587, 26 C.M.R. 367, 1958 WL 3382 (1958). In order to obtain relief as an error of law under Article 59(a), UCMJ, the appellant must show material prejudice to a substantial right

as a result of post-trial delay. *United States v. Jenkins,* 38 M.J. 287, 288 (C.M.A.1993).

In our first opinion on this case, we noted that "delay preceding the CA's action depriving an individual consideration for parole does not establish that, but for the delay, he would have been granted parole." *Khamsouk,* 54 M.J. at 748 (citing *United States v. Agosto,* 43 M.J. 853, 854 (N.M.Ct.Crim.App.1996)). After careful review, we find no reason to disturb our earlier holding that the appellant did not establish evidence of real harm or legal prejudice from the delay. *Khamsouk,* 54 M.J. at 748. *See also United States v. Bigelow,* 57 M.J. 64, 69 (2002).

■ This Court may, however, grant sentence relief under Article 66(c), UCMJ, even in the absence of actual prejudice, "based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay." *Tardif,* 57 M.J. at 224. We find that there is a reasonable, although not entirely satisfactory, explanation for the delay in the CA's action. The military judge held the record of trial for about 13 of the 20 months post-trial processing took in this case.

■ As we noted in our first opinion on this case, the trial counsel has the responsibility to cause the record of trial to be prepared. RULE FOR COURTS-MARTIAL 1103(b)(1)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.). Here, the trial counsel completed that task in a timely manner, about one month after the sentence was announced.

Inexplicably, the military judge did not authenticate the record for another 13 months. Unless he is unavailable, only the military judge may authenticate the record. R.C.M. 1104(a)(2)(A). While this delay is not attributable to the appellant, it is nonetheless clear that the responsibility for authentication lies solely with the independent military judge and not with the trial counsel, staff judge advocate, or CA. In our previous decision, we did not find it necessary to hold that the Government was not responsible for delay by the military judge. *Khamsouk,* 54 M.J. at 748 n. 6. Nonetheless, the fact that the military judge held the record for about 13 months does serve as a reasonable explanation for why the CA could not act in a more timely fashion. *See Bigelow,* 57 M.J. at 69.

Further, the trial defense counsel could have requested a post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a) session to demand speedy post-trial processing since the military judge still had control of the case. However, we find no evidence that the appellant or trial defense counsel complained to the military judge or the CA until the trial defense counsel first complained about the delay in his response to the SJAR. In this regard, our superior Court stated:

> [C]ounsel at the trial level are particularly well-situated to protect the interests of their clients by addressing post-trial delay issues before action by the convening authority.... Defense counsel can protect the interests of the accused through complaints to the military judge before authentication or to the convening authority after authentication and before action.... Appellate relief under Article 66(c) should be viewed as the last recourse to vindicate, where appropriate, an appellant's right to timely post-trial processing and appellate review.

*Tardif,* 57 M.J. at 225. Thus, after a thorough review of all the facts and circumstances in this case, we do not find the delay by the CA to be unreasonable.

Accordingly, we affirm the findings of guilty and sentence, as approved on review below.

Senior Judge FINNIE and Judge HARRIS concur.